IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **American Bird Conservancy**, and **Black Swamp Bird Observatory**,<br><br>               Plaintiff,<br><br>   v.<br><br>**Dan Brouillette**, Secretary, U.S. Department of Energy; **Todd T. Semonite**, Lieutenant General, U.S. Army Corps of Engineers; and **Ryan D. McCarthy**, Secretary of the Army, U.S. Department Defense,<br><br>               Defendants. | Case No. 1:19-cv-03694<br><br>**FEDERAL DEFENDANTS' ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Federal Defendants Dan Brouillette, in his official capacity as Secretary of the United States Department of Energy; Todd T. Semonite, in his official capacity as the Lieutenant General of the U.S. Army Corps of Engineers; and Ryan D. McCarthy, in his official capacity as the Secretary of the Army, U.S. Department of Defense (collectively, "Defendants"), answer the correspondingly-numbered paragraphs of the Complaint for Declaratory and Injunctive Relief (ECF No. 1). Any allegation not specifically admitted, denied, or qualified, is denied.

1. This paragraph constitutes the American Bird Conservancy's ("ABC") and Black Swamp Bird Observatory's ("BSBO") (collectively, "Plaintiffs") characterization

of this case, which requires no response. To the extent a response is required, Defendants deny the allegations and aver that the allegations mischaracterize the intention of Lake Erie Energy Development Corporation's ("LEEDCo" or "Recipient") Icebreaker Wind Project ("Icebreaker Project" or "Project").

2. Defendants admit that the proposed Icebreaker Project would be the first freshwater offshore wind demonstration project in the United States, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2.

3. Defendants admit that the Icebreaker Project is proposed to be located in the Lake Erie Central Basin, Important Bird Area (IBA), but deny the remaining allegations in the first sentence of Paragraph 3. Defendants deny the remaining allegations in Paragraph 3.

4. Denied.

5. Defendants admit the U.S. Fish and Wildlife Service is one of the federal agencies with expertise related to the wildlife and biological interactions with wind energy, but deny any remaining allegations in the first sentence of Paragraph 5. Defendants admit that the Fish and Wildlife Service requested an EIS, but deny the remaining allegations in the second sentence.

6. Denied.

7. Denied.

8. Denied.

9. Defendants admit that the Court would normally have *subject matter*

jurisdiction over this action, but deny any remaining allegations in Paragraph 9.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11. Defendants deny the allegations in the third and fourth sentences of Paragraph 11.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11.

12. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, third, and last sentences of Paragraph 12. Defendants admit Plaintiffs submitted comments under the environmental assessment public comment process for the Icebreaker Project, but deny any remaining allegations in the second sentence. Defendants deny the allegations in the fourth sentence.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16. Defendants deny the allegations in Paragraph 16.

17. Defendants admit Dan Brouillette is the Secretary of Department of Energy, but deny the remaining allegations in the first sentence of Paragraph 17. Defendants admit the allegations in the second sentence.

18. Defendants admit Todd T. Semonite is the Lieutenant General of the Corps,

but deny the remaining allegations in the first sentence of Paragraph 18.  Defendants admit the allegations in the second sentence.

19. Defendants admit that Ryan D. McCarthy is the Secretary of the Army, but deny any remaining allegations in the first sentence of Paragraph 19.  Defendants admit the allegations in the second sentence.

20. The allegations in Paragraph 20 consist of Plaintiffs' characterizations of the cited statutory and regulatory provisions, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the cited statutory and regulatory provisions, Defendants deny the allegations.

21. Defendants admit that the Council on Environmental Quality (CEQ), a division within the Executive Office of the President, has promulgated regulations implementing the National Environmental Policy Act.  The remaining allegations in Paragraph 21 consist of Plaintiffs' characterizations of the cited regulatory provisions, those provisions speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the cited provisions, Defendants deny the allegations.

22. The allegations in Paragraph 22 consist of Plaintiffs' characterizations of the cited statutory and regulatory provisions, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the cited statutory or regulatory provisions, Defendants deny the allegations.

23. The allegations in Paragraph 23 consist of Plaintiffs' characterizations of the cited statutory and regulatory provisions, which speak for themselves and are the best

evidence of their contents. To the extent the allegations are inconsistent with the cited statutory or regulatory provisions, Defendants deny the allegations.

24. The allegations in Paragraph 24 consist of Plaintiffs' characterizations of the cited regulatory provisions, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the cited regulatory provisions, Defendants deny the allegations.

25. The allegations in Paragraph 25 consist of Plaintiffs' characterizations of the cited regulatory provisions, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the cited regulatory provisions, Defendants deny the allegations.

26. The allegations in Paragraph 26 consist of Plaintiffs' characterizations of the cited regulatory provisions, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the cited regulatory provisions, Defendants deny the allegations.

27. The allegations in Paragraph 27 consist of Plaintiffs' characterizations of the cited regulatory provisions, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the cited regulatory provisions, Defendants deny the allegations.

28. The allegations in Paragraph 28 consist of Plaintiffs' characterizations of the cited regulatory provisions, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the cited regulatory provisions, Defendants deny the allegations.

29. The allegations in Paragraph 29 consist of Plaintiffs' characterizations of the cited statutory and regulatory provisions, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the cited statutory or regulatory provisions, Defendants deny the allegations.

30. The allegations in Paragraph 30 consist of Plaintiffs' characterizations of the cited statutory and regulatory provisions, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the cited statutory or regulatory provisions, Defendants deny the allegations.

31. The allegations in Paragraph 31 consist of Plaintiffs' characterizations of the cited statutory and regulatory provisions, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the cited statutory or regulatory provisions, Defendants deny the allegations.

32. The allegations in Paragraph 32 consist of Plaintiffs' characterizations of the cited regulatory provisions, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the cited regulatory provisions, Defendants deny the allegations.

33. The allegations in Paragraph 33 consist of Plaintiffs' characterizations of the cited regulatory provisions, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the cited regulatory provisions, Defendants deny the allegations.

34. The allegations in the first sentence of Paragraph 34 consist of legal conclusions, which require no response, and Plaintiffs' characterizations of the cited

statutory provision, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the cited statutory provision, Defendants deny the allegations.  Defendants admit that the Corps may evaluate impacts to waters of the United States from a single project implicating the jurisdiction of the Corps under both Section 404 of the Clean Water Act and Section 10 of the Rivers and Harbors Act through one permit application, and that the Corps may authorize those impacts through one permit decision.  Defendants deny any remaining allegations in the second sentence.

35. The allegations in Paragraph 35 consist of Plaintiffs' characterizations of the cited statutory provisions and judicial opinion, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the cited statutory provisions or judicial opinion, Defendants deny the allegations.

36. Defendants admit that the "National Offshore Wind Strategy" was released by DOE and the Department of the Interior (DOI) on February 7, 2011.  Defendants admit that DOE and DOI revised the National Offshore Wind Strategy in 2016.  The remaining allegations in Paragraph 36 consist of Plaintiffs' characterizations of the referenced strategy documents, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the "National Offshore Wind Strategy" released by DOE and DOI, Defendants deny the allegations.

37. Defendants admit that DOE has obligated in excess of $40 million in federal funds to LEEDCo's Cooperative Agreement for the Icebreaker Project through several funding actions between 2013 and 2017, but aver that DOE has not authorized the expenditure of the majority of the project funds (federal funds and recipient cost share

contribution) and that DOE would conduct further NEPA review, if warranted, prior to project construction. Defendants otherwise deny the allegations in Paragraph 37.

38. Defendants admit the allegations in the first, fourth, sixth and last sentences of Paragraph 38.  Defendants admit that the Icebreaker Project is proposed to include six 3.5 megawatt wind turbines, 12 miles of collection cables buried beneath the lakebed, and a new substation to be constructed onshore, but deny the remaining allegations in the second sentence of Paragraph 38. Defendants admit that each of the six turbines are proposed to be approximately 479 feet tall with a total rotor diameter of 413.41 feet; with respect to the remaining allegations in the third sentence, Defendants aver that the stated figures are approximations, which are generally correct, but otherwise deny the allegations.  Defendants deny the allegations in the fifth sentence.

39. Defendants admit that the Icebreaker Project is proposed to be located on the edge of the Lake Erie Central Basin Important Bird Area (IBA), approximately 4.5 miles from the Cleveland Lakefront IBA and approximately 60 miles from the eastern border of the Lake Erie Western IBA, but deny any remaining allegations in the first and second sentences of Paragraph 39. Defendants admit that IBAs are designated by BirdLife International, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 39.  The allegations in footnote 1 quote from Birdlife International's website, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the cited webpage, Defendants deny the allegations.

40. The allegations in Paragraph 40 are vague in their identification of the

referenced reports, studies, and ornithologists, and on that basis are denied.

41. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 41, but aver that the Project site is not ecologically critical for bats.

42. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42.

43. Defendants admit the scoping notice was posted on September 14, 2016, to DOE's public reading room. Defendants further admit a scoping notice was published in the local Cleveland newspaper on September 21, 2016, and in the Federal Register on September 23, 2016. The remaining allegations in Paragraph 43 consist of Plaintiffs' characterizations of the scoping notice, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the cited document, Defendants deny the allegations.

44. Defendants admit DOE received 95 public comments during the environmental assessment scoping process, including three comments from federal agencies. The remaining allegations in Paragraph 44 consist of Plaintiffs' characterization of the cited public comments, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the cited public comments, Defendants deny the allegations.

45. The allegations in Paragraph 45 consist of Plaintiffs' characterization of the cited public comments, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the cited public comments,

Defendants deny the allegations.

46. The allegations in Paragraph 46 consist of Plaintiffs' characterization of the cited public comments, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the cited public comments, Defendants deny the allegations.

47. The allegations in Paragraph 47 consist of Plaintiffs' characterization of the cited public comments, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the cited public comments, Defendants deny the allegations.

48. The allegations in Paragraph 48 consist of Plaintiffs' characterization of the cited public comments, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the cited public comments, Defendants deny the allegations.

49. The allegations in Paragraph 49 consist of Plaintiffs' characterizations of the cited public comments, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the cited public comments, Defendants deny the allegations.

50. The allegations in Paragraph 50 consist of Plaintiffs' characterizations of the cited public comments, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the cited public comments, Defendants deny the allegations.

51. The allegations in Paragraph 51 consist of Plaintiffs' characterizations of the

cited public comments, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the cited public comments, Defendants deny the allegations.

52. The allegations in Paragraph 52 consist of Plaintiffs' characterizations of the cited public comments and report submitted by NOAA, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the cited public comments and report, Defendants deny the allegations.

53. Defendants admit that DOE posted the draft environmental assessment in August 2017 and that FWS and others initially requested an EIS through their written comments to the draft environmental assessment, but deny the remaining allegations in the first sentence of Paragraph 53. The remaining allegations of Paragraph 53 consist of Plaintiffs' characterization of the draft environmental assessment, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the draft environmental assessment, Defendants deny the allegations.

54. The allegations in Paragraph 54 consist of Plaintiffs' characterization of the draft environmental assessment and cited public comments, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the draft environmental assessment and the cited public comments, Defendants deny the allegations.

55. The allegations in the first three sentences of Paragraph 55 consist of Plaintiffs' characterization of the draft environmental assessment, which speaks for itself and is the best evidence of  its contents. To the extent the allegations are inconsistent

with the draft environmental assessment, Defendants deny the allegations.  Defendants deny the allegations in the fourth sentence.

56. The allegations in Paragraph 56 consist of Plaintiffs' characterization of the draft environmental assessment, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the environmental assessment, Defendants deny the allegations.

57. The allegations in Paragraph 57 consist of Plaintiffs' characterization of the draft environmental assessment, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the draft environmental assessment, Defendants deny the allegations.

58. The allegations in Paragraph 58 consist of Plaintiffs' characterization of the public comments received in response to the draft environmental assessment, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those public comments, Defendants deny the allegations.

59. The allegations in Paragraph 59 consist of Plaintiffs' characterization of the public comments received in response to the draft environmental assessment, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those public comments, Defendants deny the allegations.

60. The allegations in Paragraph 60 consist of Plaintiffs' characterization of the public comments received in response to the draft environmental assessment, which

speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those public comments, Defendants deny the allegations.

61. The allegations in Paragraph 61 consist of Plaintiffs' characterization of the public comments received in response to the draft environmental assessment, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those public comments, Defendants deny the allegations.

62. The allegations in the first and second sentences of Paragraph 62 consist of Plaintiffs' characterization of the public comments received in response to the draft environmental assessment, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those public comments, Defendants deny the allegations. Defendants deny the allegations in the final sentence.

63. The allegations in Paragraph 63 consist of Plaintiffs' characterization of the public comments received in response to the draft environmental assessment, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those public comments, Defendants deny the allegations.

64. The allegations in Paragraph 64 consist of Plaintiffs' characterization of the public comments received in response to the draft environmental assessment, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those public comments, Defendants deny the

allegations.

65. The allegations in Paragraph 65 consist of Plaintiffs' characterization of the public comments received in response to the draft environmental assessment, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those public comments, Defendants deny the allegations.

66. The allegations in Paragraph 66 consist of Plaintiffs' characterization of the public comments received in response to the draft environmental assessment, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those public comments, Defendants deny the allegations.

67. The allegations in Paragraph 67 consist of Plaintiffs' characterization of the public comments received in response to the draft environmental assessment and the assessment itself, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those public comments or the draft assessment, Defendants deny the allegations.

68. Defendants admit that Plaintiffs submitted comments on the draft environmental assessment. The remaining allegations in Paragraph 68 consist of Plaintiffs' characterization of those comments, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the comments, Defendants deny the allegations.

69.  The allegations in Paragraph 69 consist of Plaintiffs' characterization of the

public comments received in response to the draft environmental assessment, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those public comments, Defendants deny the allegations.

70. Defendants deny the allegations in Paragraph 70 that "the Project is both expressly intended to inform future wind development and serve as the initial phase of a much larger build-out." The remaining allegations in Paragraph 70 consist of Plaintiffs' characterization of public comments received in response to the draft environmental assessment, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those public comments, Defendants deny the allegations.

71. The allegations in Paragraph 71 consist of Plaintiffs' characterization of the public comments received in response to the draft environmental assessment, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those public comments, Defendants deny the allegations.

72. The allegations in Paragraph 72 consist of Plaintiffs' characterization of the public comments received in response to the draft environmental assessment, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those public comments, Defendants deny the allegations.

73. The allegations in Paragraph 73 consist of Plaintiffs' characterization of the

public comments received in response to the draft environmental assessment, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those public comments, Defendants deny the allegations.

74. The allegations in Paragraph 74 consist of Plaintiffs' characterization of the public comments received in response to the draft environmental assessment, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those public comments, Defendants deny the allegations.

75. Defendants admit that ODNR submitted comments on the draft environmental assessment.  The remaining allegations in Paragraph 75 consist of Plaintiffs' characterization of those public comments, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the comments, Defendants deny the allegations.

76. Defendants admit DOE published the final environmental assessment and Findings of No Significant Impacts (FONSI) in September 2018, but deny the remaining allegations in Paragraph 76.

77. The allegations in the first sentence of Paragraph 77 consist of Plaintiffs' characterization of the draft and final environmental assessment, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the draft and final environmental assessment, Defendants deny the allegations. Defendants deny the allegations in the second sentence.

78. The allegations in Paragraph 78 consist of Plaintiffs' characterization of the final environmental assessment and FONSI, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the final environmental assessment or FONSI, or allege a violation of law, Defendants deny the allegations.

79. The allegations in the first and second sentences of Paragraph 79 consist of Plaintiffs' characterization of the FONSI, which speaks for itself and is the best evidence of its contents. To the extent the allegations in the first and second sentences are inconsistent with the FONSI, Defendants deny the allegations. Defendants deny the remaining allegations in Paragraph 79.

80. The allegations in Paragraph 80 consist of Plaintiffs' characterization of the final environmental assessment and FONSI, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the final environmental assessment or FONSI, Defendants deny the allegations.

81. The allegations in Paragraph 81 consist of Plaintiffs' characterization of the final environmental assessment and FONSI, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the final environmental assessment or FONSI, or allege a violation of law, Defendants deny the allegations.

82. The allegations in Paragraph 82 consist of Plaintiffs' characterization of the draft environmental assessment, FONSI, and public comments, which speak for themselves and are the best evidence of their contents. To the extent the allegations are

inconsistent with the draft environmental assessment, FONSI, or public comments, or allege a violation of law, Defendants deny the allegations.

83. The allegations in the first and second sentences of Paragraph 83 consist of Plaintiffs' characterizations of the draft and final environmental assessments, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with those document, Defendants deny the allegations. Defendants deny the allegations in the third sentence.

84. The allegations in Paragraph 84 consist of Plaintiffs' characterizations of the final environmental assessment, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the assessment, or allege a violation of law, Defendants deny the allegations.

85. Defendants deny the allegations in the first sentence of Paragraph 85.  The remaining allegations in Paragraph 85 consist of Plaintiffs' characterization of public comments and the final environmental assessment, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the public comments or the final assessment, Defendants deny the allegations.  Defendants deny any remaining allegations in the final sentence of Paragraph 85.

86. Defendants deny the allegations in the first, fifth, sixth, seventh, and eighth sentences of Paragraph 86. The remaining allegations in Paragraph 86 consist of Plaintiffs' characterizations of the final environmental assessment and the comment matrix, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the final environmental assessment or

comment matrix, or allege a violation of law, Defendants deny the allegations.

87. Admitted.

88. Defendants admit that the Corps released a Fact Sheet dated September 2018. The remaining allegations in Paragraph 88 consist of Plaintiffs' characterizations of that Fact Sheet, which speaks for itself and is the best evidence of its contents.  To the extent they are inconsistent with the Fact Sheet, Defendants deny the allegations.

89. Admitted.

90. The allegations in Paragraph 90 consist of Plaintiff's characterizations of the EA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with that document, Defendants deny the allegations.

91. The allegations in the first sentence of Paragraph 91 consist of Plaintiff's characterizations of the environmental assessment, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the environmental assessment, Defendants deny the allegations.  Defendants deny the allegations in the second sentence.

92. Denied.

93. Defendants incorporate by reference all preceding responses.

94. The first and second sentences of Paragraph 94 consist of Plaintiffs' characterization of this case, which requires no response. Defendants deny the allegations in the third sentence of Paragraph 94.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied

101. Defendants incorporate by reference all preceding responses.

102. The allegations in the first and second sentences of Paragraph 102 consist of Plaintiffs' characterization of this case, which requires no response. Defendants deny the allegations in the third sentence.

103. Denied.

104. Denied.

## PRAYER FOR RELIEF

The remainder of the Complaint contains Plaintiffs' requests for relief, which require no response. To the extent a response is required, Defendants deny all of the allegations set forth therein and deny that Plaintiffs are entitled to any of the relief requested or to any other forms of relief.  Any allegations not specifically admitted, qualified, or denied, are denied.

## AFFIRMATIVE DEFENSES

1.  The Court lacks jurisdiction over one or more of Plaintiffs' claims.

2.  One or more of Plaintiffs' claims is not ripe for review.

Date: February 28, 2020

PRERAK SHAH
Deputy Assistant Attorney General

_s/ Kristofor R. Swanson_
KRISTOFOR R. SWANSON
(Colo. Bar No. 39378)
Senior Attorney
Natural Resources Section
Envt. & Natural Resources Div.
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0248
Fax: (202) 305-0506
kristofor.swanson@usdoj.gov

_s/ Caitlin McCusker_
CAITLIN MCCUSKER
Environmental Defense Section
Envt. & Natural Resources Div.
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 514-1950
caitlin.mccusker@usdoj.gov