IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **American Bird Conservancy**, et al., <br><br> Plaintiffs, <br><br> v. <br><br> **Dan Brouillette**, et al., <br><br> Defendants. | Case No. 1:19-cv-03694-TJK <br><br> **Joint Case Management Report and Proposed Scheduling Order** |

Pursuant to the Court's March 10, 2020, Minute Order, the Parties jointly submit this report under Local Rule 16.3. As an initial matter, the Parties note that Plaintiffs bring this case under the Administrative Procedure Act. *See* Compl. ¶¶ 94, 102, ECF No. 1. As a result, the case is one for judicial review on an administrative record, and it is therefore exempt from the meet and confer and reporting requirements in Local Civil Rule 16 and Federal Rules of Civil Procedure 16(b) and 26(f). *See* LCvR 16.3(b). The Parties have nonetheless used the filing of this report as an opportunity to discuss case management and scheduling. The Parties report as follows:

1. This case arises under the Administrative Procedure Act's judicial review provisions, 5 U.S.C. § 706. Plaintiffs, the American Bird Conservancy and Black Swamp Bird Observatory, challenge Department of Energy funding and a U.S. Army Corps of Engineers permit associated with the Icebreaker Wind Project in Lake Erie. *See* Compl. ¶ 1. Plaintiffs allege that the Department of Energy and Corps decisions were arbitrary and capricious for failing to comply with the applicable requirements of the National Environmental Policy Act and Clean Water Act. *See* Compl. ¶¶ 93–104.

2. Judicial review of agency action under the Administrative Procedure Act is normally based upon the administrative record. *See* 5 U.S.C. § 706. As such, except in certain circumstances, the district courts do not sit as fact-finders and judicial review occurs through dispositive briefing—normally styled as cross-motions for summary judgment—based upon the administrative record that the agency presents to the court. *See Limnia, Inc. v. U.S. Dep't of Energy*, 347 F. Supp. 3d 25, 33–34 (D.D.C. 2018).

3. Federal Defendants filed their answer on February 28, 2020, denying that the agencies failed to comply with the National Environmental Policy Act or Clean Water Act, and further denying that Plaintiffs are entitled to any relief. *See* Fed. Defs.' Answer, ECF No. 5. Under Local Civil Rule 7(n)(1), Federal Defendants are to certify the agencies' administrative records no later than March 30, 2020, for which the Parties have incorporated a four-

week extension into their proposed scheduled below.  Should current public health concerns significantly impact litigation staffing or resources at the U.S. Army Corps of Engineers, Department of Energy, or Department of Justice, the Parties have recognized the potential need for further adjustment of the record certification date and, if necessary as a result, the briefing schedule set forth below.

4. Counsel for the Parties have conferred regarding case scheduling and the potential for settlement.  The parties do not believe settlement to be realistic at the present time.  They have therefore agreed upon deadlines for dispositive briefing to resolve the merits of Plaintiffs' claims.

5. A telephonic scheduling conference is currently set for April 1, 2020.  In light of the Parties' agreement on the case management schedule set forth below, the Parties are not opposed to vacatur of the April 1 conference, should the Court deem it unnecessary.

6. Based upon the foregoing, the Parties respectfully request entry of the following schedule:

    a. Federal Defendants are to certify the administrative records no later than **April 27, 2020.**

    b. The parties will meet and confer no later **June 26, 2020**, as to any disputes regarding the contents of the administrative record(s) and work to informally resolve those disputes.  Should

those efforts be unsuccessful, any motion to add documents to the administrative record(s) or for the Court to consider extra-record evidence on the merits is due no later than **July 27, 2020**. Any such motion will have the effect of vacating the briefing schedule set forth below, and the parties will propose a new schedule within fourteen days of the Court resolving the record motion.

c. <u>Dispositive Briefing</u>:

   i. Plaintiffs will file their motion for summary judgment no later than **August 10, 2020.**

   ii. Federal Defendants will file their combined response and cross-motion no later than **September 24, 2020**.

   iii. Plaintiffs will file their combined response and reply no later than **November 9, 2020**.

   iv. Federal Defendants will file their reply no later than **December 9, 2020**.

   v. The deadline for filing the appendix pursuant to Local Civil Rule 7(n) will be **December 30, 2020**.

A proposed order is attached to this pleading.

Date: March 20, 2020

      /s/ *Matthew R. Arnold*
Matthew R. Arnold
843-718-4513
matt@eubankslegal.com

Elizabeth L. Lewis
202-556-1243
lizzie@eubankslegal.com

EUBANKS & ASSOCIATES, LLC
1509 16th St. NW
Washington, DC 20036

William S. Eubanks, II
EUBANKS & ASSOCIATES, LLC
2601 S. Lemay Ave.
Unit 7-240
Fort Collins, CO 80525
970-703-6060
bill@eubankslegal.com

William F. Sheehan
Vice President and General Counsel
AMERICAN BIRD CONSERVANCY
4301 Connecticut Avenue, NW
202-234-7181
wsheehan@abcbirds.org

*Counsel for Plaintiffs*


PRERAK SHAH
Deputy Assistant Attorney General

  *s/ Kristofor R. Swanson*
KRISTOFOR R. SWANSON
(Colo. Bar No. 39378)
Senior Attorney
Natural Resources Section

>Envt. & Natural Resources Div.
>U.S. Department of Justice
>P.O. Box 7611
>Washington, DC 20044-7611
>Tel: (202) 305-0248
>Fax: (202) 305-0506
>kristofor.swanson@usdoj.gov
>
>  *s/ Caitlin McCusker*
>CAITLIN MCCUSKER
>Environmental Defense Section
>Envt. & Natural Resources Div.
>U.S. Department of Justice
>P.O. Box 7611
>Washington, DC 20044-7611
>Tel: (202) 514-1950
>caitlin.mccusker@usdoj.gov
>
>*Counsel for Federal Defendants*